WM. M. DAVIS *v.* F. A. WILLEY, TOWN OF ROX-BURY, TR., AND S. M. COLBURN, CLAIMANT.

*Trustee Process. Agency. Claimant.*

The principal defendant, as agent of the claimant, entered into a contract to build a bridge for the trustee. Both the claimant and defendant worked on the bridge, the former employing the latter, and paying him. The officers of the town did not know of the agency; *Held,* that the trustee should be discharged; and that the fund belonged to the claimant.

TRUSTEE PROCESS. Heard on a commissioner's report by the court, March Term, 1883, Washington County, RED-FIELD, J., presiding. Judgment that the fund belonged to the claimant; and that the trustee be discharged.

The commissioner reported in part:

"Upon testimony objected to by the plaintiff's attorney I find, that in letting the said job the second selectman, Willey, did most of the talking on the part of the town, and that the bids were made to him; that the main part of the job was stone work; that the defendant was not a stone mason, which fact was known to Willey; that Willey, being anxious to have the stone work thoroughly done, and having in mind a man whom he thought qualified to do it, asked the defendant who was to do the stone work in case he bid off the job, and was informed by the defendant that the claimant, Colburn, who was a stone mason, was to do it; and the defendant then referred Willey to some pieces of stone work which Colburn had done; that shortly before the final bid Colburn came to the place and there, in sight of the two selectmen, but not in the hearing of either of them, had a conversation with the defendant, after which Colburn went away, and after he had gone the defendant made the bid upon which the job was let; that after the bridge had been rebuilt the selectmen received word from Colburn that the job was completed and a request from him to examine the work and see if it was acceptable; and that from these facts Willey supposed that Colburn had some interest in the

job, and, had the job been accepted on the part of the town, he (Willey) would have given an order for the pay to either the defendant or Colburn upon application for it by either of them. If the evidence to prove the facts stated in this paragraph was material and relevant and those facts are sufficient in law to warrant the finding, I find, from these facts, that before the beginning of this suit the town of Roxbury had notice of the interest and right of the claimant Colburn in and to the job of rebuilding the bridge and the pay for it; otherwise, I find that the town of Roxbury did not, until after the service of the writ in this cause upon the trustee, have any notice that the claimant Colburn had any interest or right in or to said job or the pay for it.

"I further find, upon evidence objected to by plaintiff's attorney, that the claimant, Colburn, was anxious to secure the job of rebuilding the bridge; that he did not expect to be present at the letting of the job and for that reason took measures to have some one present to bid for him: that, as between the claimant and the defendant, the defendant bid for, and as the agent of, the claimant, and the claimant was to do the job and have the pay; and that the claimant furnished all the materials for the job and bargained and paid for all the work not done by himself. None of these facts were known to the officers of the town (unless by reason of notice as hereinbefore stated) and the evidence upon which they are found was objected to by the plaintiff's attorney as immaterial and irrelevant.

"At the request of the plaintiff's attorney I report the fact that the defendant did work, with his team of oxen, upon the job. But I find that he was employed to do so by the claimant; and that neither of the selectmen knew by whom any of the work was in fact done."

The commissioner found that the contract was not completed, and allowed the trustee to deduct $10 from the contract price,—$95.

*Frank Plumley*, for the plaintiff.

*Jas. N. Johnson*, for the claimant.

ROYCE, Ch. J. The only controversy in this case was as to the right of the claimant to the funds in the hands of the trustee.

Davis *v*. Willey.

The contract made by the trustee was nominally with the defendant; but it is found that in making it the defendant was acting as the agent of the claimant; so, that as between the defendant and the claimant, certainly, the contract was the contract of the claimant, and he was entitled to all the benefits that might result from its execution. The contract was not, in fact, performed by the defendant or claimant, the work not having been done as the contract required. The defendant never attempted to perform it, and had no legal claim against the trustee for services rendered or money expended under it. All that was done under the contract was done by the claimant, not by the procurement of the defendant, but evidently because he understood that having authorized the defendant as his agent to make it he was under obligation to perform it. Having acted upon that belief and expended his time and money in the performance of the contract, his legal and equitable right to payment is superior to the claim of the trustee.

Judgment affirmed.